# EX PARTE AND UNDER SEAL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VERSHAWN STOKES,<br><br>Defendant. | DOCKET NO. 3:05 CR 334-C |

## DEFENDANT VERSHAWN STOKES' EX PARTE MOTION
## FOR A CONTINUANCE OF HIS TRIAL DATE

Vershawn Stokes, by and through his counsel of record, Assistant Federal Defender Peter Adolf, respectfully requests that this Court continue the trial date presently scheduled for June 5, 2006. As grounds therefore, it is averred:

1. Mr. Stokes is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was arraigned on the indictment on December 5, 2005.

2. This motion incorporates all prior filings in the case, specifically including the defense "Motion to Prohibit Use of the Defendant's Alleged Statement, for a Hearing Pursuant to *Arizona V. Youngblood*, And/or for a Continuance of Trial Date" filed with this Court on May 1, 2006, the government's responses of May 2, 2006 and May 9, 2006, and this Court's decision and order thereon issued May 10, 2006.

3. This Court, in its decision and order of May 10, 2006, found good cause to continue Mr. Stokes' trial to cure any prejudice to the defense arising from the government's last-minute

production in discovery of the transcript and tape recording of the police interrogation of Mr. Stokes.

4.     In response to the new discovery, defense counsel conducted an investigation and retrieved psychiatric records indicating that Mr. Stokes suffers from a severe mental illness which calls into question the accuracy of his answers to the interrogation. Accordingly, defense counsel is in the process of retaining two forensic psychologists – one to conduct an examination of Mr. Stokes, and a second with expertise in the area of false confessions. *See United States v. Belyea*, 159 Fed. Appx. 525 (4th Cir. 2005).

5.     The psychologist who will be conducting the examination of Mr. Stokes and generating a report anticipates the completion of those tasks by the end of June.

6.     Assuming that the report supports the possibility that the police extracted a false confession from Mr. Stokes in this case, the defense anticipates filing a notice pursuant to Federal Rule of Criminal Procedure 12.2(b)(1) and submitting that report (along with other materials) to the false confession expert in anticipation of a likely *Daubert* hearing pursuant to *Belyea*. Once the notice is filed, the government might well ask to have its own expert examine Mr. Stokes pursuant to Rule 12.2(c)(1)(b).

7.     The false confession expert retained by the defense will be available for *Daubert* hearing and/or trial testimony no earlier than the second half of August. Should this Court exercise its discretion and allow a government expert to examine Mr. Stokes and write a report, that process could occur simultaneously with the false confession expert's review of the case, with the result that all parties' experts would be prepared to testify by late August.

8.     Defense counsel would therefore ask this Court for a continuance, and would respectfully suggest two possible scheduling options.

9. The first possibility is to continue this case to the August trial term, anticipating that at that time –

    i.    the defense will have filed notice pursuant to Rule 12.2(b) and will have provided discovery pursuant to Rule 16(b)(1)(C)(ii);

    ii.    the government will have moved for an examination pursuant to Rule 12.2(c)(1)(b), this Court will have either granted or denied the motion; and

    iii.    were this Court to grant the government's motion, the government's expert will have examined Mr. Stokes and produced a report.

At the docket call in August, the parties could then have the various experts schedules available, anticipate the length of any necessary hearings, and set peremptory dates for hearings and trial.

10. The second possibility is to continue this case to the October term as a peremptory trial setting, anticipating that all examinations, reports, and hearings will be completed prior to that date as the Court directs.

**WHEREFORE,** Vershawn Stokes respectfully requests a continuance of his trial date.

Respectfully submitted:

*/s/ Peter Adolf*

Peter Adolf
Assistant Federal Defender
Attorney for Vershawn Stokes
Federal Defenders of Western North Carolina, Inc.
227 West Fourth Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
(704) 374-0722 (fax)
Peter_Adolf@fd.org

DATE: May 24, 2006

3